# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

F I L E D

Submitted February 29, 2008
Decided March 20, 2008

MAR 2 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 07-3976 | |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>SIRDOUGLAS D. DISMUKE,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>Nos. 07 C 50235<br>07 C 50236<br><br>Philip G. Reinhard,<br>*Judge.* |

## O R D E R

Sirdouglas Dismuke pleaded guilty to armed bank robbery, 18 U.S.C. §§ 2, 2113(a), (d); he was sentenced to 252 months' imprisonment, five years' supervised release, and $2,749 in restitution. On direct appeal, his sentence was summarily affirmed. Nos. 03-2318, 03-2301 (7th Cir. Nov. 4, 2003); *see also* Nos. 03-2272, 03-2273 (appeals dismissed as duplicative). Dismuke then filed a collateral attack under 28 U.S.C. § 2255, which the district court denied. This court denied certification of his appeal. No. 05-1970 (7th Cir. Feb. 23, 2006).

No. 07-3976                                                                                         Page 2

    Dismuke then filed the motion at issue here, a "motion to amend sentencing judgment's restitution order" in which he asked the district court to establish a schedule of payments for the restitution order. See 18 U.S.C. § 3664(f)(2); United States v. Day, 418 F.3d 746, 761 (7th Cir. 2005). The district court construed the motion as a second collateral attack under § 2255 and dismissed it for lack of jurisdiction. Dismuke sought reconsideration, which the district court denied. Dismuke timely appealed.

    Because Dismuke challenges only the restitution order, a non-custodial aspect of his sentence, this is not a successive § 2255 motion. See Barnickel v. United States, 113 F.3d 704 (7th Cir. 1997). Nevertheless, because Dismuke could have raised this challenge on direct appeal, he has defaulted it.

    Accordingly, we VACATE the judgment and REMAND the case with instructions that the district court deny the motion on the merits.